UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-CV-23378-SCOLA

BONITA DUPUIS,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant,

_____/

## PLAINTIFF'S MOTION FOR *PARTIAL* SUMMARY JUDGMENT

Plaintiff, BONITA DUPUIS ("Plaintiff" "Dupuis"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 56, files Plaintiff's Motion for *Partial* Summary Judgment as to Notice, and states the following in support thereof:

## SUMMARY OF ARGUMENT

For the reasons stated herein, Defendant, CARNIVAL had actual or constructive notice of the hazardous condition (i.e., raised metal threshold) that Defendant repeatedly secured and modified which caused the Plaintiff to trip and fall. Furthermore, the evidence shows that Defendant, CARNIVAL created the dangerous condition at issue by repeatedly screwing down and modifying the metal threshold strip utilizing new screws. Alternatively, Defendant, CARNIVAL is estopped from presenting evidence related to the raised metal threshold as Defendant destroyed and failed to preserve the raised metal threshold at issue.[1] In sum, due to

---

[1] It is undisputed that the metal threshold at issue is no longer available for inspection.

Defendant, CARNIVAL's negligence it failed to warn Plaintiff of the dangerous condition of the threshold, thus breaching its duty to Plaintiff, and ultimately, causing injury to Plaintiff.

## PLAINTIFF'S STATEMENT OF UNCONTESTED FACTS

1. On September 8, 2019, the Plaintiff, BONITA DUPUIS, boarded the cruise vessel *Carnival Freedom* as a passenger. See Complaint, D.E 1 ¶ 9.

2. Defendant, CARNIVAL CORPORATION, was the owner and operator of the *Carnival Freedom*. See Defendant, Carnival Corporation's, Answer and Affirmative Defenses to Complaint, D.E. 6 ¶ 7.

3. Defendant, CARNIVAL CORPORATION, its agents, servants, and employees had a non-delegable duty to maintain its walkways, platforms, and decks in a reasonably safe condition for its passengers. See Compl., D.E. 1 ¶¶ 12, 20, 27.

4. Defendant, CARNIVAL CORPORATION, its agents, servants, and employees had a duty to warn Plaintiff of the concealed raised metal threshold tripping hazard that Defendant, CARNIVAL CORPORATION. See Compl., D.E 1 ¶ 15 (a)-(g).

5. Defendant, CARNIVAL CORPORATION, its agents, servants, and employees had a duty to maintain the area, regularly inspect and monitor the subject metal threshold warn Plaintiff of the concealed raised metal threshold tripping hazard that Defendant, CARNIVAL CORPORATION. See Compl., D.E 1 ¶ 22 (a)-(e).

6. Defendant, CARNIVAL CORPORATION, its agents, servants, and employees breached its duty of care owed to Plaintiff when it failed to correct and eliminate the hazardous raised metal threshold. See Compl., D.E 1 ¶ 28 (a)-(g).

7. Defendant admits that the applicable standard is reasonable care under the circumstances. See Def. Ans., D.E. 6 ¶¶ 12, 13, 20, 21, 27.

8. On September 10, 2019, Plaintiff used the entranceway and threshold in the manner it was intended to be used for. See Compl., D.E. 1 ¶ 10.

9. Plaintiff tripped and fell over a raised metal threshold on the floor on the Lido Deck of the *Carnival Freedom*. See Compl., D.E. 1 ¶ 11.

10. Plaintiff severely injured her left side, neck, and back as a result of the accident. See Compl., D.E. 1 ¶ 10.

11. Plaintiff sued CARNIVAL asserting that: (1) CARNIVAL failed to warn the Plaintiff and fellow passengers of the dangerous and hazardous condition of the floor which the Defendant created and/or about which it had actual or constructive notice; and (2) CARNIVAL failed to maintain and failed to correct the hazardous condition thereby breaching its duty of care. See Compl., D.E. ¶ ¶ 15 (a)-(g), 22 (a)-(e), 28 (a)-(g).

12. Defendant denies liability and asserts twelve affirmative defenses in its Answer See Def's Ans., D.E. 6.

13. Defendant contends that Plaintiff was instructed on the proper means of traversing threshold, including use of hand rails. See Def.'s Resp. to Pl.'s Interrog. No. 15, Exhibit 1.

14. There is no evidence to support the contention that hand rails existed when traversing the subject metal thresholds. See Def's photograph of the subject area and threshold, Exhibit 2.

15. Defendant asserts that it "had no notice, actual, constructive, or otherwise of any dangerous condition which the Plaintiff alleges was the proximate cause of her damages…." See Def. Affirm. Def, D.E. 6 at 7.

16. In discovery, Plaintiff has obtained the Defendant's Occupational Health & Safety Procedures on Prevention of Slips, Trips and Falls in Accommodation (Exhibit 3), Defendant's

Additional Guidance for the Correct Implementation of the Procedure on Prevention of Slips, Trips and Falls in Accommodation Areas (Exhibit 4), Defendant's Procedures on Reports and Analysis of Accidents (Exhibit 5), Defendant's Procedures for Work Order Reports (Exhibit 6), photographs taken by Plaintiff after the subject incident (Composite Exhibit 7), photographs taken by Plaintiff's former counsel at the inspection of the subject floor aboard the *Carnival Freedom* (Composite Exhibit 8).

17. In addition to documentary discovery, six depositions have been taken, including the depositions of Plaintiff (transcript attached as Exhibit 9) and Miles Dupuis (Plaintiff's husband; transcript attached as Exhibit 10).

18. There is no testimony or evidence to refute the allegations, including the deposition of the Plaintiff's husband, that the subject metal threshold had been repeatedly screwed down using different screws into the metal threshold <u>before</u> Plaintiff's trip and fall on September 10, 2018. See M. Dupuis Depo, 122:1–17; 124:6–9, Exhibit 10.

19. There is no testimony or evidence that on September 10, 2018, immediately <u>after</u> the trip and fall, Defendant's employees did not screw down the raised metal threshold. See B. Dupuis Depo, 126:18–23, Exhibit 9.

20. The testimony and evidence, including the photographs taken on September 11, 2018, shows a myriad of holes on the metal strip threshold where prior screws were utilized in attempts to previously secure the threshold. See photos Comp. Exhibit 7.

21. The testimony and evidence, including the photographs taken during the vessel inspection show that the threshold has been removed and no longer in existence.  See photos Comp. Exhibit 8.

## MEMORANDUM OF LAW

### A. SUMMARY JUDGMENT SHOULD BE GRANTED

Federal Rule of Civil Procedure 56 provides that "[i]f there is no genuine issue of material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency." *St. Paul Fire & Marine Ins. Co. v. Marine Transportation Services Sea-Barge Group, Inc.,* 727 F.Supp. 1438, 1441 (S.D. Fla. 1989). Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) (Once movant has met its initial burden demonstrating that there is no genuine issue of material fact, the burden shifts to nonmovant to provide evidence from discovery devices listed in Rule 56(c) other than pleadings, demonstrating that genuine issue of material fact exists); *Gargiulo v. G.M. Sales, Inc*., 131 F.3d 995, 999 (11th Cir. 1997); *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991); see also Fed. R. Civ. P. 56(e) ("The evidence presented cannot consist of conclusory allegations or legal conclusions;" nonmovant's response "... must set forth specific facts showing that there is a genuine issue for trial.").

The mere allegation of an alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Only facts from which a reasonable jury could return a verdict for the nonmoving party will preclude the entry of summary judgment on a properly supported motion for summary judgment. *Id*. Summary judgment is mandated "against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Paulucci v. Liberty Mut. Fire Ins. Co.*, 190 F. Supp. 2d 1312, 1316 (M.D. Fla. 2002), quoting; *Celotex,* 477 U.S. at 322. In ruling on a motion for summary judgment, "the function of the court is not to 'weigh the evidence and determine the truth of the matter but to determine whether there is an issue for trial.'" *Paulucci*, 190 F. Supp. 2d at 1316, quoting *Lockett v. Wal-Mart Stores, Inc*., 2000 U.S. Dist. LEXIS 3016, 2000 WL 284295, at *2 (S.D. Ala. 2000) (quoting *Anderson*, 477 U.S. at 249).

**B. DUTY OF CARE**

"A high degree of care is demanded of common carriers toward their passengers." *Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309, 1319 (11th Cir. 2003) (emphasis added); *Arango v. Guzman Travel Advisors*, 761 F.2d 1527, 1537 (11th Cir. 1985) ("[a] common carrier is obligated to exercise a high degree of care with respect to the boarding, carriage, and disembarkment of its passengers"); *Villeta v. Carnival Corp.,* No. 13-24369-CIV, 2014 WL 11930610, at *2 (S.D. Fla. Oct. 6, 2014); *McLean v. Carnival Corp.,* No. 12-24295-CIV, 2013 WL 1024257, at *3 (S.D. Fla. Mar. 14, 2013). This duty is "nondelegable ... even the slightest negligence renders a carrier liable." *Vierling,* 339 F.3d at 1319 (emphasis added) (citation and internal quotation marks omitted); *Villeta,* 2014 WL 11930610 at *2; *McLean,* 2013 WL 1024257 at *3. Included in this duty is the common carrier's duty to exercise reasonable care for a passenger's safety under the circumstances. *McLean,* 2013 WL 1024257 at *3; *see also Higgs v. Costa Crociere S.P.A. Co.,* No. 15-60280-CIV, 2016 WL 4375434, at *2 (S.D. Fla. Jan. 14, 2016) (quoting *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989)); and *Villeta,* 2014 WL 11930610 at *2. A cruise ship operator's duty of reasonable care to its

passengers includes "a duty to warn passengers of dangers of which the carrier knows or should know, but which may not be apparent to a reasonable passenger." *Lugo v. Carnival Corp.,* 154 F. Supp. 3d 1341, 1345 (S.D. Fla. 2015). A dangerous condition is one that is not apparent or obvious to the passenger. *Smolnikar v. Royal Caribbean Cruises,* Ltd., 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2009).

### 1. The Threshold was Repeatedly Repaired

It is clear from the Plaintiff's Statement (Exhibit 11) that Plaintiff suffered her injury when she tripped and fell as a result of the threshold that was not properly maintained by Defendant. Moreover, it is undisputed that the photographs taken the following day demonstrate that Defendant had repeatedly attempted to repair the metal strip on the threshold, including moments after Plaintiff's accident (Exhibit 7).

### 2. Carnival Breached its Duty to Plaintiff When It Knew or Should Have Known that the Threshold Was Deficient and Failed to Correct or Cure the Deficiency or Warn Plaintiff About It

Generally, "to prove breach of the standard of reasonable care, a plaintiff must generally establish that the cruise ship operator had actual or constructive notice of the risk-creating condition." *Higgs,* 2016 WL 4375434, at *2. Additionally, "'negligent maintenance' is a viable theory of breach and proximate causation in a maritime negligence suit." *Holderbaum v. Carnival Corp.,* 87 F. Supp. 3d 1345, 1358 (S.D. Fla. 2015). To this effect, "'the law in the Eleventh Circuit, as established by the former Fifth Circuit, is that advisory guidelines and recommendations, while not conclusive, are admissible as bearing on the standard of care in determining negligence.'" *Cook v. Royal Caribbean Cruises, Ltd.,* No. 11-20723-CIV, 2012 WL 1792628, at *3 (S.D. Fla. May 15, 2012) (quoting *Muncie Aviation Corp. v. Party Doll Fleet, Inc.,* 519 F.2d 1178 (5th Cir.1975) (affirming admission of advisory materials published by the

Federal Aviation Administration); *see also Frazier v. Continental Oil Co.,* 568 F.2d 378 (5th Cir.1978) (reversing trial judge's order granting a directed verdict to defendant because district court improperly failed to consider expert witness testimony based on industry standards in the National Fire Protection Association Code). "Such guidelines are also probative of the defendant's constructive knowledge of the allegedly hazardous condition." *Holderbaum,* 87 F. Supp. 3d at 1358.

First, Carnival was on actual notice of an issue with the subject threshold because shipboard personnel placed new screw in the metal strip after the Plaintiff's injury. Plaintiff's husband, Miles Dupuis testified that both he and Plaintiff went to the subject threshold to take a video and photographs of the area the day after the accident and found that new screws were placed in the metal strip. See M. Dupuis Depo, 118:10–11, Exhibit 10. Mr. Dupuis, having a background in engineering and a family history of construction, immediately recognized the color difference between the screws and metal threshold that were, prior to Plaintiff's injury, the same color. See M. Dupuis Depo, 118:24–25, Exhibit 10. Mr. Dupuis also recognized the myriad of holes in the strip from numerous attempts to hold down the metal strip in the threshold. See M. Dupuis Depo, 122:1–17; 124:6–9, Exhibit 10. This has been unrefuted by Carnival by any admissible evidence.

Alternatively, Defendant was on constructive notice. Defendant hired the person who installed the metal strip on the threshold. Additionally, Defendant, through its supervisors, ordered the numerous attempts to repair the threshold. It is undisputed that the subject threshold was improperly maintained on the date of Plaintiff's accident and still made available for use by Carnival's passengers without any warning of the unsafe conditions and without a handrail to hold on to when going over the threshold.

Carnival failed to comply with industry standards regarding maintenance procedures. Had Carnival been properly maintaining the threshold, the metal strip would have been properly secured and/or completely removed. Instead, it allowed the entryway to be used with a metal strip that was inappropriately screwed down causing it to lift above the industry height requirements for and failed to properly correct it. Furthermore, Carnival has failed to produce any admissible evidence of any warning given to Plaintiff that the threshold was not operating correctly or that Plaintiff should use the entryway with caution.

### 3. Alternatively, Carnival Breached Its Duty to Plaintiff When It Created the Dangerous Condition by Having the Subject Threshold Installed on Its Ship and Also by Failing to Properly Maintain the Threshold.

Even if Defendant, CARNIVAL did not have constructive notice of a dangerous condition, "it still may be held liable for the Plaintiff's injuries for allegedly having created the unsafe or foreseeably hazardous condition." *Caldwell v. Carnival Corp.,* 944 F. Supp. 2d 1219, 1224 (S.D. Fla. 2013). As the court explained in *McDonough v. Celebrity Cruises, Inc.,* 64 F. Supp. 2d 259, 264 (S.D.N.Y. 1999):

> To require a plaintiff to also establish notice in a case where the defendant's own activities created a foreseeable and unreasonable risk of harm would be inappropriate. Such a requirement would have the absurd result that negligence actions could only be brought after a dangerous condition or practice created by a defendant claimed a previous victim, whose own recovery would be barred by the absence of notice."

Importantly, a dangerous condition can be caused by improper and negligent maintenance. Recently, in *Sampson v. Carnival Corp.,* No. 15-24339-CIV, 2016 WL 7209844, at *5 (S.D. Fla. Dec. 7, 2016), the court denied Carnival Cruise Line's Motion for Summary Judgment, holding that, "since Plaintiff alleges that Defendant created the dangerous condition— by failing to inspect and maintain the outdoor deck in a safe way [D.E. 6]—Plaintiff does not need to prove notice in order to show negligence." (Internal quotations and citations omitted).

Similarly, in *Long v. Celebrity Cruises, Inc.,* 982 F. Supp. 2d 1313, 1316-17 (S.D. Fla. 2013), the court denied Celebrity Cruise Lines' motion for summary judgment explaining that where a cruise ship operator created the unsafe or foreseeably hazardous condition, by improper and negligent maintenance of a metal stair nosing that was the cause of plaintiff's fall, plaintiff did not need to prove notice in order to show negligence. In *Nelson v. Target Corp.,* No. 8:07-CV-1990-T-17EAJ, 2009 WL 971414, at *1 (M.D. Fla. Apr. 8, 2009), the court denied Target's Motion for Summary Judgment because plaintiff had provided evidence that Target negligently maintained the lighting system in the parking lot, which created the dangerous working condition causing the Plaintiffs injury.

Even assuming *arguendo* that Defendant, CARNIVAL did not have actual or constructive notice or knowledge of the issue with the threshold, they created the dangerous condition by failing to conduct proper maintenance of the threshold. Instead, Defendant, CARNIVAL repeatedly modified the metal threshold strip by repeatedly removing and utilizing new screws and making new holes in the metal threshold strip or keep it down.

By creating the dangerous condition, Defendant, CARNIVAL clearly breached its duty to provide Plaintiff with a reasonably safe entranceway. Instead, Defendant, CARNIVAL it allowed the deficient and hazardous metal threshold strip to project above the acceptable industry standard height and failing to properly correct the condition. Furthermore, Defendant, CARNIVAL has failed to produce any evidence of any warning given to Plaintiff that the threshold was not properly secured or that Plaintiff should use the entranceway with caution.

## CONCLUSION

In sum, Plaintiff, BONITA DUPUIS has shown that there are no issues of material facts as it relates to Defendant, CARNIVAL notice of the hazardous metal threshold strip. In fact, is it indisputable that Defendant, CARNIVAL had constructive or actual notice of the hazardous condition by Defendant's modification of the subject threshold. As a result, Defendant, CARNIVAL breached its duty to Plaintiff by failing to properly maintain the threshold, monitor the threshold or warn the Plaintiff of its concealed dangers. Accordingly, Plaintiff, BONITA DUPUIS is entitled to partial summary judgment as a matter of law as to constructive or actual notice of the condition.

**WHEREFORE**, Plaintiff, BONITA DUPUIS, respectfully requests that this Honorable Court grant her Motion for Partial Summary Judgment as to Defendant's constructive or actual notice of the metal threshold strip, and grant any and all further relief as it deems necessary and proper.

Respectfully submitted.

By:   *Alejandro J. Gonzalez*
Alejandro J. Gonzalez, Esq.
FL Bar No. 015293
GONZALEZ, P.A.
19 S. Krome Avenue
Homestead, FL 33030.
Tel: (786) 429-1511
*alex@agonzalezlaw.com*
*info@agonzalezlaw.com*
Attorney for the Plaintiff

## SERVICE LIST

*Bonita Dupuis v. Carnival Corporation*
**Case No: 1:20-cv-23378-RNS**

Michael J. Drahos, Esq.
GRAY ROBINSON, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5745
michael.drahos@gray-robinson.com
Attorney for Defendant

W. Cooper Jarnagin, Esq.
GRAY ROBINSON, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5745
cooper.jarnagin@gray-robinson.com
Attorney for Defendant